# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 08-50686
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARRELL DWAYNE DAVIS, also known as Darrell Dewayne Davis,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:00-CR-25-1

Before KING, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Darrell Dwayne Davis, federal prisoner # 03142-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's grant of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on amendments to the Sentencing Guidelines for crack cocaine offenses. The district court reduced Davis's sentence to 235 months of imprisonment, which constitutes the bottom of the revised guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50686

By moving to proceed IFP, Davis is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Contrary to Davis's assertion, *United States v. Booker*, 543 U.S. 220 (2005), does not apply to a § 3582(c)(2) proceeding. *See Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010). Because the district court reduced Davis's sentence to the maximum extent allowed by the revised guidelines range, he is not entitled to any further reduction. *See United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Davis has failed to demonstrate that his appeal involves legal points that are not frivolous. *See Howard,* 707 F.2d at 220. Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2. Davis's motions for a continuance and remand are also DENIED.